**Love v. Stimple & Ward**

*David B. Fawcett, Jr.* and *Stephen E. Nash,* for plaintiff.

*Robert J. Dodds* and *H. Fred Mercer,* for defendants.

McLEAN, J., March 2, 1972.—Plaintiff, a stockholder in defendant corporation, has filed this suit in equity to compel the several stockholder defendants to surrender their stock certificates for endorsement thereon of an appropriate legend referring to the existence of a certain agreement, among plaintiff and individual defendants, under which it is alleged *that they agreed to restrict the sale of their stock without first offering to each other an opportunity to purchase* the stock. Of the individual defendants, only defendant Hunkele resists, and, in fact, plaintiff and all individual defendants except Hunkele have had their stock certificates so endorsed.

Defendant Hunkele filed an answer in which he denied the execution of the written agreement which plaintiff relies upon; asserted that, even if there was such agreement, it has now expired; and alleged that the agreement does not provide for the endorsement of stock certificates and that, therefore, plaintiff's requested relief would amount to an unauthorized alteration of the contract.

A hearing was held and as a result thereof the court makes the findings of fact as set forth herein in narrative form. Prior to May 1, 1957, all individual parties to this law suit, except plaintiff Love and defendant Hirsch, were stockholders in defendant corporation and had been employes thereof for a great number of years. The corporation was then and is now a small, closely held corporation. Love and Hirsch were respectively the accountant and attorney for the corporation

and treasurer and secretary thereof for some years before May 1, 1957. There were also other stockholders in the corporation.

One of such other stockholders, W. S. Peters, Jr., died not long before May 1, 1957, and the stock he owned in the corporation became available for sale by his personal representative. His widow indicated that she would authorize a sale of the stock of decedent to defendant Knorr or any persons designated by Mr. Knorr. As a result, Mr. Knorr arranged for plaintiff and the individual defendants to purchase the said stock in equal shares of 120, except that four odd shares would be taken by Mr. Knorr.

At the time that the individual parties were discussing the proposed purchase of the stock of decedent, they recognized that with the purchase of the stock, by pooling all of their shares they would have control of the corporation. They did, in fact, constitute the management group who were operating the corporation. Therefore, to protect their ownership of the controlling interest, they all agreed in a meeting, on or just before May 1, 1957, that they would execute an agreement under which each of them would offer to the other the first opportunity to purchase the corporation stock in the event that any one of them should wish to sell it.

For that purpose, at the May 1, 1957, meeting which was held for the purpose of receiving and paying for the stock being purchased from the estate of said decedent, defendant Hirsch, an attorney, wrote out in longhand on a sheet of yellow tablet paper an agreement deemed appropriate for the purpose. This agreement states as follows:

"Each of the undersigned hereby agrees that he, his personal representative, heirs or assigns, shall not sell all or any of his stock in the Stimple & Ward Company

to anyone other than the others of the undersigned, and that in the event he, his personal representative, heirs or assigns desires to sell, he shall first offer his stock for sale to the others on the same terms, and conditions as he is willing to sell to any third party, and the others shall have sixty days in which to accept or reject said offer."

All five of the individual parties signed the agreement in the presence of each other, at the May 1, 1957, meeting. The original was taken to his office by defendant Hirsch and preserved there in his safe. On May 2, 1957, he had his secretary make up a typewritten copy of the agreement, with appropriate number of carbon copies, and on May 2, 1957, he mailed to each of the other signers such a copy of the agreement, with a covering letter.

The years went by without there being an occasion for any of the signers of the agreement to desire to sell his stock. Then, in 1971, defendant Hunkele endeavored to give an option to purchase his shares to a nonsigner of the agreement. When plaintiff learned of this effort, the instant law suit was filed in order to prevent such sale without there first being given to the other signers of the agreement an opportunity to purchase it under the terms of the May 1, 1957, agreement. The suit asks only that each signer of the 1957 agreement be required to have endorsed on his stock certificate an appropriate legend giving notice of the existence of the restriction of right to sell.

The agreement does not provide for a termination date and, therefore, the law implies that it shall continue for a reasonable time. We believe that a reasonable time has not yet expired, for a variety of reasons, including the fact that most of the signers of the agreement are still involved in the management of the company, there still exists the same reason to wish to

retain control in the group of signers, and the agreement itself recites the fact that it shall be binding upon the heirs and personal representatives of the parties.

Additionally, we are of the view that the endorsement of the desired legend on the stock certificates does not constitute an addition to or alteration of the agreement of May 1, 1957, but is merely an appropriate and equitable implementation of the obvious intent of the agreement, to make the agreement efficacious rather than a nugatory recital of good intentions.

Accordingly, the court makes the following

## CONCLUSIONS OF LAW

1. Plaintiff and individual defendants are all bound by the terms of the agreement of May 1, 1957.

2. The agreement of May 1957 is still in full force and effect.

3. Appropriate implementation of the agreement by endorsement upon the stock certificates of the individual parties of a legend referring to its existence is fairly within the intendment of the agreement and as a matter of equity ought to be required.

## DECREE NISI

And now, March 2, 1972, for the reasons set forth in the foregoing adjudication, it is ordered, adjudged and decreed that the individual defendants and plaintiff surrender to the secretary of defendant corporation their certificates for shares of stock in defendant corporation in order that such certificates may have endorsed thereon an appropriate legend referring to the existence of the agreement of May 1, 1957, imposing restrictions on the right of the shareholders to sell the subject shares of stock.

And it is further ordered that defendant corporation

14

and defendant secretary shall promptly and conspicuously print such legend upon said share certificates and promptly return said share certificates to the owners thereof. Costs on defendant Hunkele.